**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 27 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10389 |
| Plaintiff-Appellant, | D.C. No.<br>4:18-cr-00174-YGR-1 |
| v. | |
| MARTHA JULIA MAFFEI, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted October 16, 2020[**]
San Francisco, California

Before: McKEOWN and NGUYEN, Circuit Judges, and VITALIANO,[***] District Judge.

The United States appeals the district court's order granting Martha Maffei's

motion to suppress. The parties are familiar with the facts, so we do not repeat

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Eric N. Vitaliano, United States District Judge for the Eastern District of New York, sitting by designation.

them here.  We have jurisdiction under 18 U.S.C. § 3731, and we affirm.

1.  "We review the district court's [suppression order] de novo and the underlying factual findings for clear error." *United States v. Zapien*, 861 F.3d 971, 974 (9th Cir. 2017) (per curiam) (quoting *United States v. Rodriguez-Preciado*, 399 F.3d 1118, 1125, *amended by* 416 F.3d 939 (9th Cir. 2005) (mem.)).  The district court did not clearly err in finding that there were not "significant indications that [Michael] was under the influence of marijuana."  We therefore affirm the district court's finding that there was no probable cause to search Maffei's vehicle for evidence of driving under the influence of marijuana in violation of California Vehicle Code § 23152(f).

2.  We do not address whether there was probable cause to search Maffei's vehicle under federal law.  We generally do not "consider an issue not passed upon below." *Dodd v. Hood River Cnty.*, 59 F.3d 852, 863 (9th Cir. 1995) (quoting *Singleton v. Wulff*, 428 U.S. 106, 120 (1976)).  Here, the United States not only failed to raise this issue below, it also specifically gave up two clear opportunities to address it.  During the suppression hearing, the district court specifically raised the question of whether and how federal law would apply.  The district court also asked the parties if there was anything else the court should consider.  The United States made no arguments in response.  The district court then invited supplemental authority and briefing on topics discussed at the hearing, but the

2

United States only advanced its state-law theory in post-hearing briefing. Although the United States attempts to align this case with *United States v. Williams*, 846 F.3d 303 (9th Cir. 2016), there is no reason to think that the government affirmatively waived the opportunity to address the argument it later raised on appeal in that case. We therefore find that the United States waived the argument that probable cause was established based on federal law. *See USA Petroleum Co. v. Atl. Richfield Co.*, 13 F.3d 1276, 1280–84 (9th Cir. 1994) (finding waiver of a predatory-pricing theory under section 1 of the Sherman Act where the party only advanced a separate predatory-pricing theory before the district court); *see also United States v. Liew*, 856 F.3d 585, 600 (9th Cir. 2017) (finding an objection to certain jury instructions waived because the party agreed to the jury instructions despite being aware of case law it eventually relied on to challenge the instructions upon appeal).

3. The United States did not establish that the good-faith exception to the exclusionary rule applies here, and we therefore affirm the order suppressing evidence found in Maffei's car without a warrant as well as evidence found in her apartment with a warrant. When a search warrant is based on illegally obtained evidence, we analyze "whether the police misconduct that led to discovery of the illegally obtained evidence is itself subject to the good-faith exception." *United States v. Artis*, 919 F.3d 1123, 1133 (9th Cir. 2019).

3

We conclude that the officer's decision to search Maffei's car is not subject to the good-faith exception. The United States argues that the officer reasonably relied on cases holding that the odor of marijuana alone establishes probable cause to search a vehicle. But Proposition 64 clearly established that lawful cannabis activity is no longer a "basis for detention, search, or arrest." Cal. Health & Safety Code § 11362.1(c). Given this clear change in California law, it was unreasonable for the officer to rely on cases holding that the odor of marijuana alone establishes probable cause to search the vehicle. *See, e.g.*, *United States v. Underwood*, 725 F.3d 1076, 1087 (9th Cir. 2013) (determining that the good faith exception did not apply because, among other reasons, the law was clear).

**AFFIRMED**.